[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 3, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10111
Non-Argument Calendar

_____

D. C. Docket No. 05-00234-CR-T-17EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BUENERGI ESTUPINAN PAREDES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 3, 2006)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Buenergi Estupinan Paredes appeals the 135-month sentence imposed

following his conviction for possession with intent to distribute cocaine while on board a vessel subject to United States jurisdiction, 46 App. U.S.C. §§ 1903(a), (g), 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to possess with intent to distribute cocaine while on board a vessel subject to United States jurisdiction, 46 App. U.S.C. §§ 1903(a), (g), (j), 21 U.S.C. § 960(b)(1)(B)(ii).

Paredes first argues that he the district court erred in denying him a minor role reduction under U.S.S.G. § 3B1.2(b). Paredes asserts that his role as a low-level member of the crew on a go-fast boat was minor when compared to the entire drug trafficking network and when compared to that of the captain of the go-fast boat.

We review for clear error a district court's factual determination of a defendant's role in the offense. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). A defendant "who is less culpable than most other participants, but whose role could not be described as minimal" is entitled to a two-level reduction for his minor role. U.S.S.G. § 3B1.2(b), comment. (n.5). The defendant bears the burden of proving a minor role in the offense by a preponderance of the evidence. De Varon, 175 F.3d at 939.

The record supports the district court's findings that the conduct attributed to Paredes was identical to his actual conduct and that he was not substantially less

2

culpable than the other crew members on the go-fast boat. Paredes was only held accountable for the quantity of cocaine found on his boat. Further, while Paredes asserts that his role was less than that of the captain of the go-fast boat, this does not preclude the district court from finding that Paredes's role was not minor. The district court did not clearly err in denying Paredes a minor role reduction.

Paredes further argues that his sentence was unreasonable. Paredes asserts that he had never previously been involved in criminal activity, and that he engaged in this conspiracy only in order to obtain money for a medical operation. He further contends that a significantly lesser sentence would have better served the purposes of punishment, as listed in 18 U.S.C. § 3553(a)(2).

"After the district court has accurately calculated the Guideline range," we review the final sentence for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005) (internal quotes omitted). The factors that act as a guide in determining whether a sentence was reasonable are found in 18 U.S.C. § 3553(a). Id. at 1246. "These factors include the available sentences, the applicable Guideline range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and provide the defendant with needed medical care." Id. Another factor is "the need to avoid unwarranted

sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The record reflects that the district court considered the § 3553(a) factors as well as the guidelines, and found that a sentence at the low end of the guideline range was appropriate. The district court was informed of and considered Paredes's poverty, his cooperation with agents after his arrest, the purposes of the level of punishment for drug traffickers, the sentence ranges available, Paredes's need for medical treatment, the nature of his offense, and his lack prior criminal history. The district court determined that the low end of the guideline range was sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing. The sentence of 135 months was also much less than the statutory maximum of life imprisonment. Paredes's sentence was reasonable.

Upon consideration of the briefs of the parties, and thorough review of the record, we find no reversible error.

**AFFIRMED.**